IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLAXOSMITHKLINE BIOLOGICALS, S.A., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> HOSPIRA WORLDWIDE, INC. and : <br> HOSPIRA, INC., : <br> : <br> Defendants. : | Case No. 1:13-cv-04346 <br><br> Judge John W. Darrah |

**PLAINTIFF'S LOCAL RULE 78.5 NOTICE TO COURT OF
PENDING MOTION TO DISMISS AND REQUEST FOR RULING**

Plaintiff GlaxoSmithKline Biologicals, S.A. ("GSK"), by and through its undersigned attorneys, pursuant to L.R.78.5 of the Local Rules of the United States District Court for the Northern District of Illinois, hereby call Defendants' pending and fully briefed Rule 12 Motion to Dismiss to the attention of this Court for decision and respectfully request entry of an order by the Court (a) ruling on the Defendants' motion, and (b) precluding Defendants from filing a successive motion to dismiss under Rule 12. In support of this request, GSK states as follows:

1. Plaintiff GSK filed its Complaint against Defendants in this action in the U.S. District Court for the Southern District of New York on February 28, 2013. [DKT # 1]

2. On April 12, 2013, Defendants filed a motion to transfer the action to this Court and, in the alternative, to dismiss Counts I-III of GSK's Complaint against Defendant Hospira, Inc. and Counts II and III against Defendant Hospira Worldwide, Inc. pursuant to Federal Rule 12(b). [DKT #15-16] Opposition and reply papers on the motion (including as to the request for partial dismissal) were filed on April 23 and May 10, 2013, respectively. [DKT #18-22]

3. On May 21, 2013, Judge Castel in the Southern District entered an order granting

the transfer motion and, in light of such transfer, declined to reach the partial motion to dismiss pursuant to Rule 12. [DKT #23] Defendants' partial motion to dismiss is thus fully briefed and now ripe for decision in this Court.

4. During the course of the parties' discussions pursuant to Federal Rule 26(f) and Local Rule 26.1, however, counsel for Defendants advised that Defendants may seek to file a new, successive Rule 12 motion making different arguments and seeking to dismiss an additional cause of action (Count I as to Defendant Hospira Worldwide, Inc.).

5. In the spirit of cooperation and judicial economy, counsel for GSK conferred with Defendants' counsel and sought Defendants' agreement to refrain from filing a successive Rule 12 motion prior to the upcoming initial case scheduling conference set for August 21, 2013. GSK's counsel suggested in writing that the parties jointly seek guidance from the Court on the issue at that time. Defendants' counsel, however, would not agree to refrain from filing a successive Rule 12 motion prior to the August 21 conference.

6. Successive Rule 12 motions to dismiss are prohibited under the Federal Rules, subject to certain exceptions not applicable here. Rule 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g). As this District has recognized, "Rule 12(g) contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion." *Moore v. Ford Motor Co.*, No. 92 C 1130, 1994 WL 25822, at *2 (N.D. Ill., Jan. 26, 1994) (internal citations omitted). *See also U.S. Fidelity & Guar. Co. v. Jepsen*, No. 90 C 6931, 1991 WL 249706, at *2 (N.D. Ill., Nov. 14, 1991) ("[U]nder 12(g), a party who raises a defense by motion prior to an answer must raise all possible defenses

in a single motion. Omitted defenses cannot be raised in a second pre-answer motion.")

7. Rule 12(g) serves both fairness and judicial economy. It operates to prevent piecemeal litigation and to deny those defendants who have already exercised the opportunity to challenge a complaint a second bite at the apple.

8. Here, Defendants have filed a pre-answer motion and had the opportunity to present every defense and objection available to them. The Complaint has not been amended since it was initially filed, and there is no conceivable reason that Defendants could not have presented any defenses and objections with their first motion to dismiss. Any successive motion for dismissal by the Defendants would thus not only be procedurally improper, but also would unduly delay the instant proceedings and prejudice GSK. The time and resources GSK expended on opposing the first motion would be lost if Defendants were permitted, effectively, to set that motion aside and instead file a new one.

9. Moreover, Defendants would obtain an improper advantage in filing their successive motion having already obtained the benefit of reviewing and analyzing GSK's opposition to the initial motion.

10. In sum, because Defendants' pending Rule 12 motion to dismiss has been fully briefed but not yet ruled upon, and because the filing of successive Rule 12 motions is prohibited under the Federal Rules, GSK hereby calls the Defendants' unresolved motion to dismiss to the attention of the Court and respectfully requests a decision on the motion. In connection with this request, GSK also seeks entry of an order barring Defendants from filing a successive pre-answer motion to dismiss, and for any further relief as this Court deems just and proper.

Dated: August 7, 2013

Respectfully submitted,

GLAXOSMITHKLINE BIOLOGICALS, S.A.

By: /s/ *Timothy R. Carraher*
One of its Attorneys

Jennifer L. Ilkka, Esq.
Timothy R. Carraher, Esq.
REED SMITH, LLP
10 South Wacker Drive
Chicago, Illinois 60606
(312) 207-1000
jilkka@reedsmith.com
tcarraher@reedsmith.com

Jyotin Hamid, Esq. (admitted *pro hac vice*)
Benjamin M. Aronson, Esq. (admitted *pro hac vice*)
Zachary H. Saltzman, Esq. (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-1031
jhamid@debevoise.com
baronson@debevoise.com
zsaltzman@debevoise.com

*Attorneys for Plaintiff*
*GlaxoSmithKline Biologicals, S.A.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies the foregoing Local Rule 78.5 Notice of Pending Motion to Dismiss and Request for Ruling by Plaintiff GlaxoSmithKline Biologicals, S.A. was filed electronically with the Clerk of Court using the CM/ECF system on August 7, 2013, which will automatically send e-mail notification of such filing to all attorneys of record.

/s/ Timothy R. Carraher