UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLAXOSMITHKLINE BIOLOGICALS, S.A., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-cv-4346 ) |
| HOSPIRA WORLDWIDE, INC. and HOSPIRA, INC., | ) Judge John W. Darrah ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendants Hospira Worldwide, Inc. and Hospira, Inc. (collectively, "Hospira") move to amend their pending motion to dismiss the claims asserted by GlaxoSmithKline Biologicals, S.A. ("GSK"). For the reasons presented below, Hospira's Combined Motion for Leave to Amend the Pending Motion to Dismiss and Response to GSK's Local Rule 78.5 Notice is granted.

**BACKGROUND**

GSK is a foreign corporation with its principal place of business in Belgium; GSK researches and develops vaccines. (Compl. ¶ 9.) Hospira is a Delaware corporation that produces injectable drugs, infusion technologies, and other pharmaceutical products and has its principal place of business located in Lake Forest, Illinois. (*Id.* ¶ 10.) On February 28, 2013, GSK filed a Complaint in the Southern District of New York, alleging Hospira materially breached and unilaterally terminated the contract between the parties for the manufacture and production of an influenza vaccine product. (*Id*. ¶ 1.) Specifically, the Complaint alleges three

causes of action against Hospira for its failure to produce the vaccine product: (1) breach of contract, (2) promissory estoppel, and (3) *quantum meruit* and unjust enrichment. (*Id*. ¶¶ 34-58.)

On December 31, 2010, GSK and Hospira entered into a Toll Manufacturing Agreement ("Agreement") to manufacture and produce batches of an influenza vaccine. (Compl. ¶ 15.) Using raw materials supplied by GSK, Hospira would manufacture and produce the vaccine product in compliance with the quality requirements set forth in the Agreement. (*Id*. ¶¶ 16-18.) Additionally, the Agreement required Hospira to have validation batches ready for regulatory filing in the year 2011. (*Id*. ¶ 19.) GSK alleges Hospira breached the Agreement and failed to meet the deadline for submission of vaccine validation batches in compliance with the quality requirements and suitable for regulatory submission. (*Id*. ¶¶ 21-22.)

On April 12, 2013, Hospira filed a Motion to Transfer the Action to the Northern District of Illinois or, in the Alternative, to Dismiss, arguing the cause of action should be transferred to the Northern District of Illinois because neither of the parties had a meaningful connection to the Southern District of New York. Hospira argued the relevant events occurred in the Northern District of Illinois, as well as the witnesses, documents and parties are most closely connected to this forum. Alternatively, Hospira argued GSK's Complaint should be dismissed in its entirety as to Hospira, Inc. and that Counts II and III of the Complaint should be dismissed as they are asserted against Hospira Worldwide, Inc. On May 20, 2013, the Southern District of New York granted Hospira's motion to transfer the cause of action to the Northern District of Illinois, but declined to address Hospira's motion to dismiss the claims.

After this action was transferred to the Northern District of Illinois, GSK filed notice under Local Rule 78.5, requesting this Court to rule on Hospira's motion to dismiss and further seeking that Hospira be precluded from filing a successive motion to dismiss. Hospira moved

for leave to amend its motion to dismiss. The issue of whether Hospira should be permitted to amend its motion to dismiss was fully briefed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a party may file a motion asserting as a defense that the complaint fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(g) further provides that, "except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." The exceptions under Rule 12(h)(2) allow a party to raise the defense of failure to state a claim in any pleading proper under Rule 7(a), in a motion for judgment on the pleadings, or at trial. Thus, the failure-to-state-a-claim defense is "expressly preserved against waiver" by Rule 12(h).[1] Fed. R. Civ. P. 12 Advisory Committee Notes on 1966 Amendment.

The Seventh Circuit has interpreted Rule 12(h)(2) as specifically exempting "failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012).[2] The court in *Ennenga* found the rationale of the Rule 12(g) consolidation requirement was to prevent piecemeal litigation of defenses, specifically the

---

[1] The other defense not waived under Fed. R. Civ. P. 12(g) is subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) provides that if at *any* time a court determines it lacks subject matter jurisdiction, it must dismiss the action.

[2] Although GSK relies on *Makor Issues and Rights, LTD. v. Tellabs, Inc.*, No. 02 C 4356, 2008 WL 2178150, at *3 (N.D. Ill. May 22, 2008) to argue that a successive Rule 12(b)(6) motion would be barred under Rule 12(g)(2) because it does not fall under the exceptions in Rule 12(h)(2), this case pre-dates the Seventh Circuit's finding in *Ennenga*. Moreover, the case law relied upon by GSK to support its argument that successive motions are barred under Rule 12(g)(2) also pre-dates *Ennenga*. GSK did not provide any binding precedent overruling *Ennenga*.

defenses of lack of personal jurisdiction, improper venue, insufficient process, and insufficient service, that were available to the party when it filed its initial motion or pleading.  *Id*.

## ANALYSIS

*Rule 12(g)(2) Waiver and Rule 12(h)(2) Exception to Waiver*

To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Dismissal is only appropriate if the complaint does not "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A petitioner's complaint is facially plausible when it includes enough facts to allow the court to reasonably infer that the defendant is liable for the alleged misconduct. *Twombly*, 550 U.S. at 556.

Here, Hospira seeks to amend its pending motion to dismiss for failure to state a claim by identifying additional deficiencies in the Complaint; specifically, that GSK failed to demonstrate the existence of a valid and enforceable contract for the manufacture and production of influenza vaccines.  In particular, Hospira seeks to argue GSK failed to state a claim because the Complaint relies on the Agreement for the manufacture and production of vaccines and that the parties did not actually reach an agreement on the manufacture and production of vaccines.  (Mot. to Amend Ex. A. at 8-9.)  In its amended motion to dismiss, Hospira also contends New York law applies to the alleged breach of contract claim and Illinois law applies to the promissory estoppel, *quantum meruit* and unjust enrichment causes of action.  (*Id.* at 8.)

4

Opposing Hospira's Motion to Amend, GSK argues Hospira's proposed amended motion to dismiss asserting its new defense is a successive motion precluded by Rule 12(g), because the facts and arguments were available to Hospira when it filed its initial motion. (Pl.'s Resp. at 2.) GSK contends that a motion to dismiss does not qualify as one of the three circumstances permitted by Rule 12(h)(2) under which subsequent defenses for failure to state a claim, join a party, or state a legal defense can be raised (in a pleading, a motion for judgment on the pleadings, or at trial). (*Id.*)

However, even if Hospira's amended motion to dismiss is considered a successive motion, Rule 12(g)(2) does not bar a successive motion for failure to state a claim. *See Ennenga*, 677 F.3d at 773 (holding a statute of limitations defense alleged in motion to dismiss for failure to state a claim is not subject to waiver when it is raised in a successive motion to dismiss because the Rule 12(g)(2) consolidation requirement and Rule 12(g)(1) waiver do not expressly apply to failure to state a claim defenses). Federal Rule of Civil Procedure 12(g)(2), in conjunction with Rule 12(h)(1), operates only to exclude the defenses of lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process when they are asserted in a successive motion to dismiss. Fed. R. Civ. P. 12(g)(2); Fed. R. Civ. P. 12(h)(1). This narrow construction of Rule 12(g) and 12(h) is consistent with the purpose of the Rules to prevent piecemeal litigation but permit a failure to state a claim defense to be raised in pre-trial motions, pleadings, or at trial. Because Rule 12(h)(2) specifically excludes the waiver of failure-to-state-a-claim defenses if they were not presented in the party's initial motion or pleading raising defenses, an amendment to Hospira's motion to dismiss for failure to state a claim is permissible.

*Judicial Efficiency*

Granting Hospira leave to amend its pending motion to dismiss also promotes judicial efficiency. Because the Court has not yet ruled on Hospira's pending motion to dismiss, granting Hospira's motion for leave to amend its pending motion to dismiss will not cause a delay in the schedule set forth by the Court for discovery, pre-trial pleadings, and trial.

Additionally, allowing Hospira to amend its pending motion to dismiss the claims does not prejudice GSK. GSK will have an opportunity to respond to the new arguments submitted in the amended motion to dismiss. Moreover, it is possible that even if Hospira succeeds on its motion to dismiss, GSK may be granted the opportunity to amend its Complaint. Any burden on GSK in drafting additional pleadings does not outweigh the delay or inefficiency in the judicial process that would otherwise result. Because an amendment to Hospira's pending motion to dismiss for failure to state a claim comports with the Federal Rules of Civil Procedure and promotes judicial efficiency, an amendment to the pending motion to dismiss is permitted.

## CONCLUSION

For the reasons set forth above, Hospira's Combined Motion for Leave to Amend the Pending Motion to Dismiss and Response to GSK's Local Rule 78.5 Notice [37] is granted. Hospira is directed to file its Amended Motion to Dismiss forthwith.

Date: __November 7, 2013__      _____
                                                              JOHN W. DARRAH
                                                              United States District Court Judge